IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **JOSE J. MARICHALAR** § | | **CIVIL ACTION NO.** |
| § | | |
| **Plaintiff,** § | | |
| **vs.** § | | 7:15-cv-443 |
| § | | |
| **STATE FARM LLOYDS** § | | |
| § | | |
| **Defendant** § | | **JURY REQUESTED** |

## STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES State Farm Lloyds and files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) (2012).  In support hereof, State Farm Lloyds would respectfully show the Court as follows:

### BRIEF STATEMENT OF NOTICE

1. This is a civil action dispute between Plaintiff Jose J. Marichalar and State Farm Lloyds concerning an insurance claim for damage to Plaintiff's property in Hidalgo County, Texas, purportedly caused by a storm that happened on or about April 24, 2015.  Plaintiff is a citizen of the State of Texas and State Farm Lloyds is an unincorporated insurance association whose underwriters are all citizens of states other than Texas.[1]  Accordingly, because there is complete diversity of citizenship between Plaintiff on the one hand and State Farm Lloyds on the other, and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, jurisdiction is correctly vested in this Court.  See *Burden v. General Dynamics Corp.*, 60 F.3d 213, 220-221 (5th Cir. 1995).

---

[1] For purposes of ascertaining diversity jurisdiction, an unincorporated insurance association is considered to have the citizenship of its underwriters.  See *Royal Insurance Co. v. Quinn-L Corp.*, 3 F.3d 877, 882-883 (5th Cir. 1993), cert. denied, 511 U.S. 1032 (1994).

## PROCEDURAL BACKGROUND

2. On or about September 1, 2015, Plaintiff filed his Original Petition in Cause No. C-4481-15-A, styled *Jose J. Marichalar v. State Farm Lloyds*, in the District Court, 92nd Judicial District, Hidalgo County, Texas. State Farm Lloyds was served with Plaintiff's Original Petition and citation on September 25, 2015.

3. This Notice of Removal is filed by State Farm Lloyds within thirty (30) days after the date on which State Farm Lloyds was served with Plaintiff's Original Petition and citation. It is therefore timely under 28 U.S.C. § 1446(b) (2012).

## NATURE OF THE ACTION

4. This action arises from a claim by Plaintiff for damages purportedly caused by a storm on April 24, 2012. Plaintiff asserts State Farm Lloyds improperly adjusted the claim, misrepresented the cause, scope and cost to repair the damages, and violated various statutes in its handling of the claim. Plaintiff alleges State Farm Lloyds breached the contract of insurance, violated Chapters 541 and 542 of the Texas Insurance Code, violated the Prompt Payment of Claims Act, the Unfair Settlement Practices Act, and breached the duty of good faith and fair dealing. Plaintiff seeks actual damages, consequential damages, 18% interest per annum as damages, additional damages due to a "knowing" violation of statutes, noncompliance with the Texas Insurance Code, Unfair Settlement Practices, breach of duty, and exemplary damages. Plaintiff's Original Petition states that "Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000."

## BASIS FOR REMOVAL

5. Removal is proper pursuant to 28 U.S.C. § 1332 (2012) because there is complete diversity of citizenship between Plaintiff on the one hand and State Farm Lloyds on the other.

Further, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

6. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, Plaintiff was and is a citizen of the State of Texas. See *Plaintiff's Original Petition* at section II entitled "Parties and Service" p. 1, included with the Index of State Court Papers attached as Exhibit A hereto, incorporated herein, and made a part hereof for all pertinent purposes.

7. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm Lloyds was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, State Farm Lloyds is not a citizen of the State of Texas for purposes of federal diversity jurisdiction. See, e.g., *Van Tassel v. State Farm Lloyds,* 2015 WL 461271 at *1 (S.D. Tex. July 31, 2015) ("It is agreed that State Farm Lloyds is not a citizen of Texas"); *Cronin v. State Farm Lloyds*, 2008 WL 4649653 at *2 (S.D. Tex. October 10, 2008) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds*, 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same); *Rappaport v. State Farm Lloyds*, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

8. As such, complete diversity of citizenship exists in this action. That is, the citizenship of Plaintiff is different than the citizenship of State Farm Lloyds. See *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005) (diversity jurisdiction present when all parties on one side of action are citizens of different states from all parties on other side).

*Amount in Controversy*

9.     It is undisputed in this matter the amount in controversy exceeds $75,000.00. Under Section X. of Plaintiff's Original Petition, Plaintiff specifically states:

> Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200.000.

## THE REMOVAL IS PROCEDURALLY CORRECT

10.     This Notice of Removal is filed by State Farm Lloyds within thirty (30) days after the date on which State Farm Lloyds was served with Plaintiff's Original Petition and citation. See 28 U.S.C. § 1446(b) (2012).  This Notice of Removal is also filed within one (1) year of commencement of Plaintiff's lawsuit.  See *id*.

11.     As set forth in detail in this Notice of Removal, this Court has jurisdiction because there is complete diversity of citizenship between Plaintiff on the one hand and State Farm Lloyds on the other.  Also as set forth in detail in this Notice of Removal, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

12.     Venue is proper in this district under 28 U.S.C. § 1446(a) (2012) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claim or claims allegedly happened in this district.

13.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit.  Additionally, attached as Exhibit B is a *List of Parties and Counsel* relating to this action, and attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action.  Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

14. Pursuant to 28 U.S.C. § 1446(d) (2012), promptly after the filing of this Notice of Removal, written notice thereof will be given to Plaintiff, the adverse party.

15. Pursuant to 28 U.S.C. § 1446(d) (2012), promptly after the filing of this Notice of Removal, a true and correct copy thereof will be filed with the Clerk of Court of the District Court for Hidalgo County, Texas.

## CONCLUSION

16. Based on the foregoing, State Farm Lloyds respectfully requests that this action be removed from the 92nd Judicial District Court, Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.  State Farm Lloyds also respectfully asks that this Court enter such other and further orders as may be necessary or appropriate.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: /s/ Daniel C. Andrews
    Daniel C. Andrews
    State Bar No. 01240940
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Telephone: (210) 344-3900
Facsimile:  (210) 366-4301

**COUNSEL FOR DEFENDANT,
STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

       On October 23, 2015, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Robert A. Pollom  
State Bar No. 24041703  
Perry Dominguez  
State Bar No. 24055414  
KETTERMAN ROWLAND & WESTLUND  
16500 San Pedro, Suite 302  
San Antonio, Texas  78232  
Telephone:         (210) 490-7402  
Facsimile:          (210) 490-8372  

                                           /s/ Daniel C. Andrews  
                                           Daniel C. Andrews