IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE J. MARICHALAR | § | CIVIL ACTION NO. |
| | § | |
| Plaintiff, | § | |
| vs. | § | 7:15-cv-443 |
| | § | |
| STATE FARM LLOYDS | § | |
| | § | |
| Defendant | § | JURY REQUESTED |

INDEX OF STATE COURT PAPERS
IN CAUSE NO. C-4481-15-A

1. Cover Docket Sheet for the District Court, 92nd Judicial District, Hidalgo County, Texas

2. Plaintiff's Original Petition

3. Citation issued 09/2/15 for State Farm Lloyds

4. Return of Service – Certified Mail – State Farm Lloyds

5. Original Answer of Defendant State Farm Lloyds to Plaintiff's Original Petition



# REGISTER OF ACTIONS
### CASE NO. C-4481-15-A

| | | |
|---|---|---|
| Jose J. Marichalar VS. State Farm Lloyds | § § § § § § | Case Type: Contract - Consumer/Commercial/Debt (OCA)<br>Subtype: Hail Storm 2012 - 93rd<br>Date Filed: 09/01/2015<br>Location: 92nd District Court |

## PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | State Farm Lloyds | | DANIEL C. ANDREWS<br>*Retained*<br>210-344-3900(W) |
| Plaintiff | Marichalar, Jose J. | | Robert Andrew Pollom<br>*Retained*<br>210-490-7402(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 09/01/2015 | Original Petition (OCA)<br>  *POP & Citation Request* | | | |
| 09/02/2015 | Citation<br>  *E-SERVED TO: LAHART@KRWLAWYERS.COM* | | | |
| | State Farm Lloyds | Served | 09/25/2015 | |
| | | Returned | 10/06/2015 | |
| 09/02/2015 | Service Issued<br>  *TO: LAHART@KRWLAWYERS.COM* | | | |
| 10/06/2015 | Service Returned<br>  *STATE FARM LLOYDS SERVED 9/25/15* | | | |
| 10/19/2015 | Answer<br>  *Original Answer of Defendant State Farm Lloyds to Plaintiff's Original Petition* | | | |

## FINANCIAL INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| | **Defendant State Farm Lloyds**<br>**Total Financial Assessment**<br>**Total Payments and Credits**<br>**Balance Due as of 10/23/2015** | | | | 4.00<br>4.00<br>0.00 |
| 10/07/2015 | Transaction Assessment | | | | 2.00 |
| 10/07/2015 | EFile Payments from TexFile | Receipt # DC-2015-119895 | | State Farm Lloyds | (2.00) |
| 10/19/2015 | Transaction Assessment | | | | 2.00 |
| 10/19/2015 | EFile Payments from TexFile | Receipt # DC-2015-122740 | | State Farm Lloyds | (2.00) |
| | **Plaintiff Marichalar, Jose J.**<br>**Total Financial Assessment**<br>**Total Payments and Credits**<br>**Balance Due as of 10/23/2015** | | | | 321.00<br>321.00<br>0.00 |
| 09/01/2015 | Transaction Assessment | | | | 312.00 |
| 09/01/2015 | EFile Payments from TexFile | Receipt # DC-2015-109349 | | Marichalar, Jose J. | (312.00) |
| 10/23/2015 | Transaction Assessment | | | | 9.00 |
| 10/23/2015 | Payment | Receipt # DC-2015-124139 | | GARZA, COWEN | (9.00) |

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-4481-15-A

| | | |
|---|---|---|
| JOSE J. MARICHALAR | § § § | IN THE DISTRICT COURT |
| V. | § § § | _____ JUDICIAL DISTRICT |
| STATE FARM LLOYDS | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff JOSE J. MARICHALAR, files this Original Petition against STATE FARM LLOYDS ("STATE FARM" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Hidalgo County, Texas.

Defendant STATE FARM is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

1

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4481-15-A

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 409 Chile Pequin Drive, Donna, Texas 78537 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4481-15-A

pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.

3

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4481-15-A

CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

4

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4481-15-A

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

A.  **BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

B.  **NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

1.  **UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4481-15-A

article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4481-15-A

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### VI.
### KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VII.
### DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

7

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4481-15-A

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals

8

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4481-15-A

and/or the Supreme Court of Texas.

## VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies' mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

9

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4481-15-A**

## X.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Electronically Filed
9/1/2015 1:47:00 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4481-15-A**

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Facsimile:      (210) 490-8372


BY: /s/Robert A. Pollom
     Robert A. Pollom
     State Bar No. 24041703
     robert@krwlawyers.com
     Perry Dominguez
     State Bar No. 24055414
     perry@krwlawyers.com


ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Electronically Filed
10/6/2015 1:24:01 PM
Hidalgo County District Clerks
Reviewed By: Brenda Lopez

C-4481-15-A
92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Lloyds**
**REGISTERED AGENT: Corporation Service Company**
**211 East 7th Street Suite 620**
**Austin TX  78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 1st day of September, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-4481-15-A, **JOSE J. MARICHALAR VS. STATE FARM LLOYDS**

Said Petition was filed in said court by ROBERT ANDREW POLLOM, 16500 SAN PEDRO, SUITE 302, SAN ANTONIO, TX  78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 2nd day of September, 2015.

LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

_____
ALYSSA ALVAREZ, DEPUTY CLERK

Electronically Filed
10/6/2015 1:24:01 PM
Hidalgo County District Clerks
Reviewed By: Brenda Lopez

C-4481-15-A
OFFICER'S RETURN

Came to hand on **22** of **SEPTEMBER**, 201**5** at **2:00** o'clock **P**.m. and executed in **TRAVIS** County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| State Farm Lloyds | 9-25-15 | 9:00 AM | 211 E. 7th Street, #620 Austin, TX |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $_____
    miles ...............$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is **Eloy Bravo**, my date of birth is **02-02-61** and the address is **14080 Nacogdoches #320**, and I declare under penalty of perjury that the foregoing is true and correct. S A P

EXECUTED in **TRAVIS** County, State of Texas, on the **25** day of **SEPTEMBER**, 201**5**.

_____
**Declarant"**

**SCH 2065 / 9.30.2015**
If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number

Electronically Filed
10/6/2015 1:24:01 PM
Hidalgo County District Clerks
Reviewed By: Brenda Lopez

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

AUSTIN TX 78701 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $2.80 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $ N/A |
| ☐ Adult Signature Restricted Delivery | $ N/A |
| Postage | $1.42 |
| Total Postage and Fees | $7.67 |

Postmark Here: 0109 13 SEP 23 2015 09/23/2015

Sent To: State Farm Lloyds Reg Agt Corp Service Company
Street and Apt. No., or PO Box No.: 211 East 7th Street Suite 620
City, State, ZIP+4®: Austin, Tx. 78701

7015 0640 0000 3747 9780

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
State Farm Lloyds
Reg Agent: Corporation Service Company
211 East 7th Street Suite 620
Austin, Tx. 78701

9590 9401 0006 5168 5909 60

2. Article Number (Transfer from service label)
7015 0640 0000 3747 9780

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Chris Salzon
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
SEP 25 2015

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
il Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 Domestic Return Receipt

Electronically Filed
10/19/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

## CAUSE NO. C-4481-15-A

| | | |
|---|---|---|
| JOSE J. MARICHALAR | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | 92ND JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | |
| | § | |
| **Defendant** | § | HIDALGO COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT STATE FARM LLOYDS TO PLAINTIFF'S ORIGINAL PETITION

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, and, reserving the right to file other and further pleadings, exceptions and denials, files this Original Answer to Plaintiff's Original Petition and would respectfully show the Court and Jury the following:

## GENERAL DENIAL

1. Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, STATE FARM LLOYDS prays upon a final hearing hereof Plaintiff recover nothing of and from Defendant STATE FARM LLOYDS and the Court enter a take-nothing judgment, and for all other just relief to which it may be justly entitled.

Electronically Filed
10/19/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By /s/ Daniel C. Andrews
　　　Daniel C. Andrews
　　　State Bar No. 01240940
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Telephone: (210) 344-3900
Facsimile:  (210) 366-4301
**COUNSEL FOR DEFENDANT,
STATE FARM LLOYDS**

### CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Civil Procedure, on the 18th day of October, 2015, the above and foregoing instrument was served upon:

Robert A. Pollom
Perry Dominguez
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232

　　　　　　　　　　　　　　/s/ Daniel C. Andrews
　　　　　　　　　　　　　　Daniel C. Andrews